JUDY M. IRIYE, Bar No. 211360
LITTLER MENDELSON, P.C.
2049 Century Park East, 5th Floor
Los Angeles, California 90067
Telephone: 310.553.0308
Facsimile.: 310.553.5583
jiriye@littler.com

VANESSA M. COHN, Bar No. 314619
LITTLER MENDELSON, P.C.
5200 N. Palm Ave., Ste. 302
Fresno, California 93704
Telephone: 559.244.7500
Facsimile: 559.244.7525
vcohn@littler.com

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| GARY RAMIREZ,<br><br>   Plaintiff,<br><br>  v.<br><br>TARGET CORPORTION; and DOES 1 through 25,<br><br>   Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br><br>Trial Date: TBD<br>Complaint Filed: December 14, 2021 |

**TO THE CLERK OF COURT, TO THE PARTIES, AND TO THE PARTIES' COUNSEL OF RECORD, PLEASE TAKE NOTICE THAT** Defendant TARGET CORPORATION ("Defendant" or "Target"), by and through the undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby gives notice of removal of this lawsuit from the Superior Court of the State of California, County of Bernardino, to the United States District Court for the Central District of California (the "Notice of Removal"). In support of its Notice of Removal, Defendant respectfully submits to this Honorable Court the following information:

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.310
310.553.0308

Notice of Removal of Civil Action to Federal Court

## STATEMENT OF JURISDICTION (DIVERSITY)

1.     Removal jurisdiction exists because this Court has original jurisdiction over the unverified Complaint of Plaintiff GARY RAMIREZ ("Plaintiff") pursuant to 28 U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. § 1441, as it is a civil action in which neither the plaintiff nor any defendants are citizens of the same state and in which the amount in controversy exceeds $75,000, exclusive of interest and costs (Diversity Jurisdiction).  As discussed in more detail herein, Plaintiff was a citizen of the County of San Bernardino, State of California, at the time the operative Complaint was filed in San Bernardino County Superior Court. *See* Exhibit A, ¶ 1, the "Complaint" (Civil Action No. CIVSB2134463, *Gary Ramirez v. Target Corporation, and Does 1 through 25*). Defendant is – and at the time that Plaintiff's Complaint was filed was – a Minnesota corporation with its principal place of business in Minnesota. *See* concurrently-filed Declaration of Kirsten Bass ("Bass Decl."), ¶ 2. Plaintiff is not currently a citizen of Minnesota; nor was Plaintiff a citizen of Minnesota during the events giving rise to this action. *See* Exhibit A, ¶ 1; *see also* Bass Decl., ¶ 4.  As such, this case meets all of the requirements for removal, is timely, and is properly removed by the filing of this Notice of Removal.

## STATE COURT ACTION

2.     On or about December 14, 2021, Plaintiff filed his Complaint in San Bernardino County Superior Court. *See* Complaint, available at Exhibit A hereto. This action was served on Defendant on February 2, 2022. *See* concurrently-filed Declaration of Vanessa M. Cohn ("Cohn Decl."), ¶ 2; *see also* Exhibit A, Page 1.)

3.     Plaintiff's Complaint purports to assert five causes of action for: Failure to Accommodate in Violation of the California Fair Employment and Housing Act, California Gov. Code § 12940(m) *et. seq.* ("FEHA"); Failure to Engage in the Interactive Process in Violation of FEHA, Gov. Code § 12940(n) *et. seq.*; Discrimination in Violation of FEHA, Gov. Code § 12940(a) *et. seq.*; Wrongful

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

2                    Notice of Removal of Civil Action to Federal Court

Termination in Violation of Public Policy; and, Retaliation in Violation of FEHA, Gov. Code § 12940(h) *et. seq.*

4. Defendant filed a General Denial and Affirmative Defenses to Plaintiff's Complaint on February 28, 2022. *See* Exhibit B hereto. *See* Cohn Decl., ¶ 7. At the time of this filing, a file-stamped copy of Defendant's General Denial and Affirmative Defenses was not yet available from the Court.

5. The remaining submissions in this action on file with the San Bernardino County Superior Court are attached hereto as Exhibit C.

## TIMELINESS OF NOTICE OF REMOVAL

6. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of Defendant receiving an "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). Here, Plaintiff served the Complaint on February 2, 2022. *See* Cohn Decl., ¶ 2. Therefore, Defendant can remove this action up to and including March 4, 2022. *See* FED. R. CIV. P. 6(a).

## VENUE

7. Pursuant to 28 U.S.C. § 1391(a) and 28 U.S.C. § 1441, venue is proper in the United States District Court for the Central District of California insofar as Defendant conducts business within San Bernardino County, California, which is where Plaintiff was employed, where the instant action was originally filed, and which is within this Court's jurisdiction.

## NOTICE TO PLAINTIFF

8. As required by 28 U.S.C. § 1446(d), Defendant provided written notice of the filing of this Notice of Removal to Plaintiff. *See* Defendant's Notice to Plaintiff of Removal to Federal Court, attached hereto as Exhibit D.[1]

---

[1] So as to avoid burdening this Court with duplicative filings, the attachments to Exhibit D have been omitted from this filing.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3

Notice of Removal of Civil Action to Federal Court

**NOTICE TO THE SAN BERNARDINO COUNTY SUPERIOR COURT**

9.      Defendant also filed this Notice of Removal with the Clerk of the San Bernardino County Superior Court.  *See* Defendant's Notice to State Court of Removal of Civil Action to Federal Court, attached hereto as Exhibit E.[2]

**FACTS AND LAW SUPPORTING DIVERSITY JURISDICTION**

10.      This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b).  Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff in effect claims that Plaintiff is entitled to an award in excess of $75,000 as result of Defendant's alleged conduct.

11.      Defendant is informed and believes that Plaintiff is a citizen and resident of the State of California.  *See* Complaint, Exhibit A, ¶ 1 ("[Plaintiff] at all relevant times hereinafter mentioned, was a resident of the County of San Bernardino, State of California…").

12.      Defendant is a corporation duly organized and existing under the laws of the State of Minnesota, and it maintains its principal place of business in Minneapolis, Minnesota. *See* concurrently-filed Bass Decl., at ¶ 2.  Thus, Defendant is a citizen of Minnesota, and Defendant is not a citizen of California.

13.      In measuring the amount in controversy where it is not explicitly pleaded, this Court must assume that the allegations of the Complaint are true and that a jury will return a verdict in favor of Plaintiff on all claims asserted in the Complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe (if anything).

---

[2] So as to avoid burdening this Court with duplicative filings, the attachments to Exhibit E have been omitted from this filing.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4

Notice of Removal of Civil Action to Federal Court

*Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by a plaintiff's complaint). Economic damages, non-economic damages, general damages, attorneys' fees and costs, and punitive damages all are included in determining the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *Anthony v. Security Pacific Financial Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996) (prayer for punitive damages included in determining amount in controversy).

14.    Where, as here, a plaintiff's state court complaint is silent as to the total amount of damages claimed, a removing defendant need only establish that it is more probable than not that plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-861 (9th Cir. 1996), *amended by, rehrng en banc denied by*, 102 F.3d 398, 404 (9th Cir. 1996).

15.    To that end, should Plaintiff prevail on Plaintiff's claims for violations of California's Fair Employment and Housing Act ("FEHA") and wrongful termination in violation of public policy, Plaintiff would be entitled to recover the amount that Plaintiff would have earned up to the present date, including benefits or pay increases. *See Wise v. Southern Pac. Co.,* 1 Cal.3d 600, 607 (1970). While Defendant disputes that Plaintiff is entitled to recover any damages, for the sake of argument, Defendant analyzes the damages pleaded in the Complaint. Here, Plaintiff alleges that Plaintiff was employed by Defendant through Plaintiff's termination on or about June 28, 2021. *See* Exhibit A, the Complaint, ¶ 9. Plaintiff alleges that Defendant employed Plaintiff as a Warehouse Worker. *See* Exhibit A, the Complaint, ¶ 6. Plaintiff's last rate of pay was $22.02 per hour. Bass Decl., ¶ 4. Plaintiff was scheduled to work on average at least 36 hours per week for Defendant. Bass Decl., ¶ 4. Plaintiff

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5

Notice of Removal of Civil Action to Federal Court

seeks lost income from the date of termination on June 28, 2021, through to the present and into the future. *See*, *e.g.*, Exhibit A, the Complaint, ¶¶ 17, 23, 30, 37, 42 ("…[Plaintiff] suffered  and continues to suffer, substantial losses in earnings…") As of the date of this Notice of Removal, it has been approximately 35 weeks since Plaintiff was separated from employment with Defendant.  Given Plaintiff's rate of pay, Plaintiff alleges to have suffered at least $27,745.20 in damages in the form of lost income as of the date of this filing, with the damages continuing into the future through trial continuing at least at the rate of $792.72 per week.

16.    Additionally, Plaintiff seeks an award of attorneys' fees in connection with Plaintiff's claims for violation of California's Fair Employment and Housing Act. *See*, *e.g.*, Exhibit A, the Complaint, ¶¶ 18, 24, 31, 43 ("As a result of the unlawful acts of Defendant, [Plaintiff] is entitled to recover attorney's fees and costs…").  While Defendant again disputes that Plaintiff is entitled to recover any damages in connection with this action, attorney's fees are also included in the amount in controversy calculation when the underlying claims permit recovery of attorneys' fees. *Galt G/S,* 142 F.3d at 1156.  One recent Eastern District case involving similar allegations of discrimination, retaliation and whistleblowing resulted in fees exceeding half a million dollars. *Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1141 (E.D. Cal. 2011) (approving award of $535,700 in attorneys' fees in employment case involving discrimination, retaliation and whistleblowing claims).  In cases well over 10 years old (and, thus, not accounting for inflation), attorneys' fee awards under FEHA regularly exceeded $75,000. *See*, *e.g.*, *Flannery v. Prentic*, 26 Cal.4th 572 (2001) ($1,088,231 fee award upheld); *Dwyer v. Crocker Nat'l Bank*, 194 Cal.App.3d 1418 (1987) ($75,258 in attorneys' fees awarded under FEHA); *see also Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *12-13 (N.D. Cal. 2008), *citing Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("attorneys' fees in individual discrimination cases often exceed the damages"). Accordingly, attorneys' fees alone are likely to be greater than $75,000.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

6

Notice of Removal of Civil Action to Federal Court

17.    Plaintiff also seeks damages for the emotional distress allegedly suffered.  Exhibit A, the Complaint, ¶¶ 17, 23, 30, 37, 42 ("…[Plaintiff] suffered  and continues to suffer…humiliation, embarrassment, and emotional distress…").  Again, though Defendant contests that Plaintiff is entitled to any such recovery, Plaintiff's claim for emotional distress damages further augments the foregoing amounts and demonstrates that the jurisdictional prerequisite for removal of this action is met.  *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (claims for pain, suffering and humiliation properly may be factored into the jurisdictional analysis for purposes of removal).  For the sake of analysis of the jurisdictional prerequisite for removal of this action, past rulings reflect that plaintiffs in employment cases have been awarded substantial sums for emotional distress.  *See, e.g., Swinton v. Potomac Corp.*, 270 F.3d 794 (9th Cir. 2001), *cert. denied*, 535 U.S. 1018 (2002) (award of $30,000); *Redfield v. Insurance Co. of N. Am.*, 940 F.2d 542 (9th Cir. 1991), *overruled on other grounds*, *Dotson v. United States*, 87 F.3d 682 (5th Cir. 1996) (award of $25,000).  In *Kroske v. U.S. Bank Corp.*, 432 F.3d 976 (9th Cir. 2005), *cert denied*, 127 S.Ct. 157 (2006), the Ninth Circuit upheld the lower court's finding that the amount in controversy had been established.  In reaching its holding, the Ninth Circuit reasoned that the plaintiff's "emotional distress damages would add at least an additional $25,000 to her claim" where she had only $55,000 in lost wages, thus satisfying the amount in controversy requirement "even without including a potential award of attorney's fees." *Kroske*, 432 F.3d at 980.  A similar result is compelled here, as Plaintiff expressly seeks damages for emotional distress and a comparable amount of lost wages is at issue.  Thus, based on *Kroske* and other analogous cases, the emotional distress component of Plaintiff's claims is likely to add at least $25,000 to the amount in controversy, if not more.  The foregoing, when taken together with Plaintiff's claims for back pay, front pay, and attorney's fees, easily places the amount of controversy in excess of $75,000.

18.    The amount in controversy includes punitive damages unless punitive damages are not recoverable as a matter of state law, and it is a legal certainty

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

7

Notice of Removal of Civil Action to Federal Court

that plaintiff would not be entitled to recover the jurisdictional amount. *Anthony,* 75 F3d at 315; *St. Paul Reinsurance Co., Ltd. v. Greenburg* (5th Cir. 1998) 134 F3d 1250, 1253-1254.)   Here, Plaintiff alleges that Plaintiff is entitled to punitive damages for Defendant's alleged willful and malicious misconduct, but does not provide a total amount of the alleged punitive damages sought.  *See* Exhibit A, the Complaint, ¶¶ 19, 25, 32, 36, 44 (the "Defendant committed the acts described herein maliciously, fraudulently. And oppressively, with an improper and evil motive, thus entitling [Plaintiff] to recover punitive damages from Defendant…"). With respect to punitive damages, California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of a defendant's misdeeds, the ratio between compensatory and punitive damages, and ratio between damages and a defendant's net worth.  *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994).   While Defendant vehemently disputes it is liable for any punitive damages, outcomes in California reflect the likelihood that if Plaintiff prevails at trial, Plaintiff's  damages would exceed the $75,000 amount in controversy threshold. *See e.g., Rivera* 2008 U.S. Dist. LEXIS 58610 at *10-11, *citing Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles Super. Ct.) (jury awarded the plaintiff $200,000 in emotional distress damages for wrongful termination due to his age and an injury he incurred on the job); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (jury awarded the plaintiff $122,000 in emotional distress damages and $2,000,000 in punitive damages for wrongful termination, failure to prevent discrimination and failure to accommodate a pregnant employee who requested fifteen minute breaks every two hour); *Wysinger v. Automobile Club of Southern California*, 2006 WL 397031 (Santa Barbara Super. Ct.) (awarding $1,000,000 in punitive damages to an employee terminated due to his age and disability).  Although Defendant vigorously denies Plaintiff's allegations, if Plaintiff were to prevail, the punitive damages alone could exceed the jurisdictional minimum.

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

8

Notice of Removal of Civil Action to Federal Court

19.     Thus, while Defendant's position is that Plaintiff is not entitled to damages in any amount, the total amount in controversy appears to be, *at a minimum*, well over $75,000 as of the date of this Notice of Removal, which is reflective of the sum of $27,745.20 in lost income to date, at least $75,000 in attorney's fees, and $25,000 in emotional distress damages.

20.     Consequently, the requirements of 28 U.S.C. § 1332(a) have been met in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and because this is a civil action between citizens of different states.

WHEREFORE, pursuant to 28 U.S.C. §1332, 1441, and 1446, Defendant removes this case from the Superior Court of the State of California, County of San Bernardino, to the United States Court for the Central District of California.

Dated:  March 1, 2022

LITTLER MENDELSON, P.C.

*/s/ Vanessa M. Cohn*
JUDY M. IRIYE
VANESSA M. COHN
Attorneys for Defendant
TARGET CORPORATION

4869-2760-7056.1 / 052067-1705

LITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

9

Notice of Removal of Civil Action to Federal Court

**Exhibit A**

**CT Corporation**

**Service of Process Transmittal**
02/02/2022
CT Log Number 540991216

**TO:**    EMPLOYEE RELATIONS
Target Corporation
1000 NICOLLET MALL, MS: CC-1810
MINNEAPOLIS, MN 55403-2542

**RE:**    **Process Served in California**

**FOR:**   Target Corporation  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: GARY RAMIREZ, an individual // To: Target Corporation |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # CIVSB2134463 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/02/2022 at 02:37 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/02/2022, Expected Purge Date: 02/07/2022<br><br>Image SOP<br><br>Email Notification,  EMPLOYEE RELATIONS  ct.service@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Feb 2, 2022

**Server Name:**             Jimmy Lizama

| Entity Served | TARGET CORPORATION |
| --- | --- |
| Case Number | CIV SB 2134463 |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TARGET CORPORATION, and DOES 1 through 25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GARY RAMIREZ, an individual,

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 2 8 2022

BY _____ KALISKA MONTICUE, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino Superior Court<br><br>247 West Third Street<br>San Bernardino, Ca 92415 | **CASE NUMBER:** *(Número del Caso):* CIVSB 2 1 3 4 4 0 3 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Gould Law Firm, 161 Fashion Ln., Suite 207, Tustin, Ca 92780; 714-669-2850; 714-544-0800

| DATE: *(Fecha)* JAN 2 8 2022 | Clerk, by *(Secretario)* Kaliska Monticue | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Target Corporation
   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
            ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
            ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
            ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  Michael A. Gould (SBN 151851)
   Michael@wageandhourlaw.com
2  Aarin A. Zeif (SBN 247088)
   Aarin@wageandhourlaw.com
3  THE GOULD LAW FIRM
   A Professional Corporation
4  161 Fashion Lane, Suite 207
   Tustin, California 92780
5  Telephone: (714) 669-2850
   Facsimile: (714) 544-0800
6
   Attorneys for Plaintiff
7  Gary Ramirez

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 14 2021

BY _____
Ramona Monticue  DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| GARY RAMIREZ, an individual, | CASE NO.: CIVSB 2134463 |
| | COMPLAINT FOR DAMAGES FOR: |
| Plaintiff, | 1. FAILURE TO ACCOMMODATE IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (*California Government Code* § 12940(m) et seq.; |
| v. | 2. FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (*California Government Code* § 12940(n) et seq.); |
| TARGET CORPORATION, and DOES 1 through 25, | 3. DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (*California Government Code* § 12940(a) et seq.; |
| Defendants. | 4. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY; |
| | 5. RETALIATION IN VIOLATION OF THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT (California Government Code § 12940(h). |
| | Unlimited Civil |
| | Demand for Jury Trial |

Gary Ramirez (hereinafter referred to as "Ramirez") alleges as follows:

## GENERAL ALLEGATIONS

1.    Ramirez at all relevant times hereinafter mentioned, was a resident of the County of San Bernardino, State of California, and was employed by Defendant in San Bernardino, California.

2.    Ramirez is informed and believes, and thereon alleges, that Defendant Target Corporation was at all relevant times hereinafter mentioned, a corporation operating within the jurisdiction of the above-entitled court.

3.    The true names and capacities of Defendants sued as Does 1 through 25, inclusive, whether individual, corporate, associate or otherwise are unknown to Ramirez who is informed and believes, and thereon alleges, that these Doe Defendants, and each of them, are responsible in some manner and liable to Ramirez for the injuries and damages alleged herein. Ramirez will amend the Complaint to show their true names and capacities when they have been ascertained.

4.    Ramirez is informed and believes, and thereon alleges, that each of the Defendants were the agents, employees and representatives of the other Defendants and in doing the things hereinafter alleged were in part, acting within the scope and authority of such relationship, and in part, acting outside the scope and authority of such relationship, and as such each is responsible and liable in some manner for the occurrences herein alleged and were approximate cause of Ramirez's damages as herein alleged.

5.    Venue is proper in this judicial district because the complained of conduct occurred in this judicial district.

6.    Ramirez was hired in March 2020 and was employed by Defendant as a warehouse worker.

7.    Ramirez developed a physical disability that limits a major life activity.  At all times mentioned in this Complaint, Defendant was informed by Ramirez of his disability and perceived that Ramirez suffered from a physical disability.

8.    Ramirez suffered from a physical injury/medical condition/disability in early 2021. Ramirez notified Defendant on several occasions regarding the status of his physical injury/medical condition/disability.

9.    Ramirez requested accommodations relating to his disability.  Ramirez was terminated shortly thereafter by Defendant, on or about June 28, 2021.

10.    Ramirez is informed and believes and thereon alleges that the Employer Defendants were at all times relevant California employers who employed more than five (5) people in the state of California and therefore are accordingly subject to the provisions of FEHA.

11.    Plaintiff has duly complied with the requirements of the FEHA by filing charges of discrimination with the DFEH and obtained the requisite "Right to Sue" notice on or about December 6, 2021.

## FIRST CAUSE OF ACTION
### Failure to Accommodate in Violation of the FEHA
### (Violation of *California Government Code* § 12940(m) et seq.)

12.    Ramirez hereby re-alleges and incorporates by reference paragraphs 1 through 11, as though fully set forth herein again.

13.    At all times mentioned in this Complaint, Ramirez has been a person with a disability within the meaning of the FEHA, *California Government Code* §§ 12940 and 12926. Ramirez was limited in his major life activities, had a record of such limitations, and was regarded by Defendant as having such limitations.

14.    Defendant, through its agents, employees and supervisors, were placed on notice of Ramirez's need for reasonable accommodation.

15.    At the time this reasonable accommodation was requested, Ramirez had the requisite skill, experience, education and other job-related requirements, and was fully qualified and capable of performing the essential functions of his position.

16.    Having knowledge and notice of Ramirez's disability, and having received a request for reasonable accommodation, Defendant had an affirmative duty to provide Ramirez with such reasonable accommodation.  Defendant willfully and unlawfully failed and refused to provide said accommodation.

17. As a direct, foreseeable, and proximate result of Defendant's acts, Ramirez suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

18. As a result of the unlawful acts of Defendant, Ramirez is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

19. Ramirez is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Ramirez to recover punitive damages from Defendant in an amount according to proof at trial.

**SECOND CAUSE OF ACTION**
**Failure to Engage in the Interactive Process in Violation of the FEHA**
**(Violation of *California Government Code* § 12940(n) et seq19**

20. Ramirez hereby re-alleges and incorporates by reference paragraphs 1 through 19, as though fully set forth herein again.

21. Having been placed on notice of Ramirez's disability and request for reasonable accommodation, Defendant had an affirmative duty to engage in a timely, good faith interactive process with Ramirez to determine effective reasonable accommodations under *California Government Code* § 12940(n) ("FEHA"). Defendant failed to comply with this mandatory duty and thereby violated Plaintiff's rights under FEHA.

22. Despite Ramirez's proactive efforts to consistently seek out his supervisor's to request accommodation, Defendant has persisted in its refusal to engage in an interactive process. As such, having been placed on notice of plaintiff's disability, Defendant failed to fulfill its affirmative duty to engage in the mandatory interactive process, in a timely, good-faith manner, or at all, in violation of *California Government Code* § 12940(n) ("FEHA")

23. As a direct, foreseeable, and proximate result of Defendant's acts, Ramirez suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

24. As a result of the unlawful acts of Defendant, Ramirez is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

25. Ramirez is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Zapata to recover punitive damages from Defendant in an amount according to proof at trial.

### THIRD CAUSE OF ACTION
**Discrimination in Violation of the FEHA**
**(Violation of *California Government Code* § 12940(a) et seq.)**

26. Ramirez hereby re-alleges and incorporates by reference paragraphs 1 through 25, as though fully set forth herein again.

27. *California Government Code Section* 12940(a) forbids an employer from discriminating against an employee because of a physical disability or because they are perceived to be physically disabled.

28. Despite *California Government Code* § 12940(a), Defendant discriminated against Ramirez by terminating him because of his disability or his perceived disability and other conduct according to proof.

29. Plaintiff Ramirez is informed and believes and thereon alleges that Defendant's conduct including, but not limited to, terminating him, was motivated by his physical disability or perceived physical disability.

30. As a direct, foreseeable, and proximate result of Defendant's acts, Ramirez suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

31. As a result of the unlawful acts of Defendant, Ramirez is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

32. Ramirez is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Ramirez to recover punitive damages from Defendant in an amount according to proof at trial.

### FOURTH CAUSE OF ACTION
**Wrongful Termination in Violation of Public Policy**

33. Ramirez re-alleges and incorporates by reference each and every allegation

contained in paragraphs 1 through 32, inclusive, as though fully set forth herein.

34.    The public policy of the State of California, as expressed by the Legislature, the California Constitution, and the California Supreme Court, is to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination related to physical disability (See "FEHA").

35.    Defendant deliberately, intentionally, and wrongfully terminated Ramirez without just cause or reason and on the improper and illegal basis of his physical disability, as alleged herein.

36.    Ramirez is further informed and believes, and thereon alleges that Defendant intentionally, willfully, maliciously, and oppressively terminated Ramirez, thus entitling Ramirez to recover punitive damages from Defendant in an amount according to proof at trial.

37.    Ramirez is informed and believes, and thereon alleges, that as a result of his termination, has suffered injuries, including lost wages, the exact amount of which is unknown at this time, but which will be proven at trial.

### FIFTH CAUSE OF ACTION
**Unlawful Retaliation**
**(Violation of *Cal. Government Code* § 12940(h) et seq.)**

38.    Ramirez hereby re-alleges and incorporates by reference paragraphs 1 through 37, as though fully set forth herein again.

39.    *California Government Code Section* 12940(h) forbids an employer from retailing against an employee from engaging in a protected activity.

40.    Despite *California Government Code* § 12940(h), Defendant retaliated against Ramirez by terminating him because he took leave for his disability/medical condition and or requested an accommodation.

41.    Plaintiff Ramirez is informed and believes and thereon alleges that Defendant's conduct including, but not limited to, terminating him, was motivated by his engaging in a protected activity, including requesting leave for his physical disability/perceived physical disability/medical condition and/or requesting an accommodation.

42.     As a direct, foreseeable, and proximate result of Defendant's acts, Ramirez suffered and continues to suffer, substantial losses in earnings, job benefits, humiliation, embarrassment, and emotional distress, the precise amount of which will be proven at trial.

43.     As a result of the unlawful acts of Defendant, Ramirez is entitled to recover attorney's fees and costs pursuant to *California Government Code* § 12965(b).

44.     Ramirez is informed and believes, and thereon alleges, that Defendant committed the acts described herein maliciously, fraudulently, and oppressively, with an improper and evil motive, thus entitling Ramirez to recover punitive damages from Defendant in an amount according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Ramirez prays for judgment against the Defendants as follows:

### ON THE FIRST CAUSE OF ACTION

1.   Judgment against Defendants for general damages according to proof;

2.   Judgment against Defendants for special damages according to proof;

3.   Judgment against Defendants for punitive damages according to proof;

4.   Judgment against Defendants for attorney's fees and costs according to proof;

5.   An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of in this complaint;

### ON THE SECOND CAUSE OF ACTION

6.   Judgment against Defendants for general damages according to proof;

7.   Judgment against Defendants for special damages according to proof;

8.   Judgment against Defendants for punitive damages according to proof;

9.   Judgment against Defendants for attorney's fees and costs according to proof;

10.  An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of in this complaint;

### ON THE THIRD CAUSE OF ACTION

11.  Judgment against Defendants for general damages according to proof;

12.  Judgment against Defendants for special damages according to proof;

13.  Judgment against Defendants for punitive damages according to proof;

14.  Judgment against Defendants for attorney's fees and costs according to proof;

15.  An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of in this complaint;

### ON THE FOURTH CAUSE OF ACTION

16.  Judgment against Defendants for general damages according to proof;

17.  Judgment against Defendants for special damages according to proof;

18.  Judgment against Defendants for punitive damages according to proof;

### ON THE FIFTH CAUSE OF ACTION

19.  Judgment against Defendants for general damages according to proof;

20.  Judgment against Defendants for special damages according to proof;

21.  Judgment against Defendants for punitive damages according to proof;

22.  Judgment against Defendants for attorney's fees and costs according to proof;

23.  An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with it from engaging in each of the practices complained of in this complaint;

### ALL CAUSES OF ACTION

24.  Judgment against Defendants for reasonable attorney's fees, provided by law;

25.  Judgment against Defendants for pre-judgment interests;

26.  Judgment against Defendants for costs of suit incurred herein; and

27.  Judgment against Defendants for such further relief as the court deems just and proper.

//

//

1

## **REQUEST FOR A JURY TRIAL**

2          Plaintiff hereby demands a jury trial in this action.

3

4

5     Dated: December 7, 2021

6                                                   Michael A. Gould
                                                    Aarin A. Zeif
7                                                   THE GOULD LAW FIRM
                                                    A Professional Law Corporation
8                                                   Attorneys for Plaintiff
                                                    Gary Ramirez

9

10

11

12    •

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 6, 2021

Aarin Zeif
17822 E. 17th St., 106
Tustin, CA 92780

RE: **Notice to Complainant's Attorney**
      DFEH Matter Number: 202112-15567707
      Right to Sue: Ramirez / Target Corporation

Dear Aarin Zeif:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing




# EXHIBIT NO. 1




DFEH-ENF 80 RS

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

December 6, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202112-15567707
      Right to Sue: Ramirez / Target Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 6, 2021

Gary Ramirez
836 Wedgewood Ct.
Rialto, CA 92376

RE: **Notice of Case Closure and Right to Sue**
    DFEH Matter Number: 202112-15567707
    Right to Sue: Ramirez / Target Corporation

Dear Gary Ramirez:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 6, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete. To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Gary Ramirez                                                    DFEH No. 202112-15567707

                                        Complainant,

vs.

Target Corporation
14750 Miller Ave.
Fontana, CA 92336

                                        Respondents

---

**1.** Respondent **Target Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Gary Ramirez**, resides in the City of **Rialto,** State of **CA.**

**3.** Complainant alleges that on or about **June 28, 2021**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied reasonable accommodation for a disability, denied family care or medical leave (cfra).

**Additional Complaint Details:** Gary Ramirez worked for Target Corporation from March 2020 to June 2021. Ramirez developed a disability that limited a major life function.

-1-

Date Filed: December 6, 2021

DFEH-ENF 80 RS

1      Ramirez asked for an accommodation relating to his disability and he was terminated
shortly thereafter. Defendant failed to accommodate Ramirez' disability/perceived disability,
2    failed to engage in the interactive process, denied him proper leave, retaliated against him
for taking leave and/or requesting an accommodation, and terminated him for his
3    disability/perceived disability.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                    -2-
27
Date Filed: December 6, 2021
28

DFEH-ENF 80 RS

1  VERIFICATION

2  I, **Michael Gould**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4  On December 6, 2021, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                    **Tustin, Ca**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                               -3-
                            *Complaint – DFEH No. 202112-15567707*
27
   Date Filed: December 6, 2021
28

                                                              DFEH-ENF 80 RS

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Aarin A. Zeif (SBN 247088) and Michael A. Gould (SBN 151851)<br>The Gould Law Firm<br>161 Fashion Ln., Suite 207<br>Tustin, Ca 92780<br>TELEPHONE NO.: 714-669-2850   FAX NO.: 714-544-0800<br>ATTORNEY FOR *(Name):* Plaintiff | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br>DEC 14 2021<br><br>BY _____<br>KALISKA MONTICUE, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, Ca 92415
BRANCH NAME: Civil Division

CASE NAME:
Ramirez v. Target Corporation

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: CIVSB 2134463 |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount demanded exceeds $25,000) | ☐ Limited<br>(Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: _____<br>DEPT: FAXED |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 6, 2021

Aarin A. Zeif
(TYPE OR PRINT NAME)                        ► _____
                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Gary Ramirez

Case No.: CIV SB 2 1 3 4 4 6 3

vs.

**CERTIFICATE OF ASSIGNMENT**

Target Corporation

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground
is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the
Civil _____ District of the Superior Court under Rule131 and General Order
of this court for the checked reason:

[■] General          [ ] Collection          FAXED
**Nature of Action**    **Ground**

| | | |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [ ] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20. Other _____ | _____ |
| [x] | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this
case for filing in the above-designed district is:

Target Corporation                                    14750 Miller Avenue
NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR            ADDRESS

Fontana                          California                    92336
CITY                             STATE                         ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was
executed on December 6, 2021 _____ at Tustin _____,
California.

_____
Signature of Attorney/Party

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested:** Yes ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: _____<br>UNLIMITED CASE: _____<br>LIMITED CASE: | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case in Complaint:**

5. **Description of case in Cross-Complaint:**

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other Issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: _____

_____          _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY

_____          _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PARTY OR ATTORNEY

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| RAMIREZ -v- TARGET CORPORATION et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2134463 |

The Gould Law Firm
161 Fashion Lane
Ste#207
TUSTIN CA 92780

This case has been assigned to: John M Pacheco in Department S31 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 07/27/2022 at 8:30 AM in Department S31 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown. (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice. Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 1/28/2022                                    Nancy CS Eberhardt, Court Executive Officer

By: _____
Kaliska Monticue, Deputy Clerk

---------------------------------------------------------------------------------
---------------------------------------------------------------------------------

**CERTIFICATE OF SERVICE**

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 1/28/2022

I declare under penalty of perjury that the forgoing is true and correct. Executed on 1/28/2022 at San Bernardino, CA.

By: _____
Kaliska Monticue, Deputy Clerk

**Exhibit B**

1  LITTLER MENDELSON, P.C.
   JUDY M. IRIYE, BAR NO. 211360
2  2049 Century Park East, 5th Floor
   Los Angeles, CA 90067.3107
3  Telephone: 310.712.7317
   Facsimile: 310.553.5583
4  *jiriye@littler.com*

5  LITTLER MENDELSON, P.C.
   VANESSA M. COHN, Bar No. 314619
6  5200 North Palm Ave., Suite 302
   Fresno, California 93704.2225
7  Telephone:    559.244.7500
   Facsimile.:   559.244.7525
8  *vcohn@littler.com*

9  Attorneys for Defendant
   TARGET CORPORATION

10

11

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                     COUNTY OF SAN BERNARDINO

14

| | |
|---|---|
| 15  GARY RAMIREZ, an individual, | Case No. CIV SB 2134463 |
| 16              Plaintiff, | **DEFENDANT TARGET CORPORATION'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES** |
| 17       v. | |
| 18  TARGET CORPORATION; and DOES 1 through 25, | ASSIGNED FOR ALL PURPOSES TO JUDGE JOHN PACHECO – DEPT. S31 |
| 19              Defendants. | |
| 20 | Trial Date: TBD<br>Complaint Filed: January 28, 2022 |
| 21 | |

22       Defendant TARGET CORPORATION ("Defendant"), answering the Complaint of

23  Plaintiff GARY RAMIREZ ("Plaintiff"), for itself alone and for no other Defendant, hereby answers

24  Plaintiff's unverified Complaint as follows:

25                          **<u>GENERAL DENIAL</u>**

26       Pursuant to section 431.30 of the California Code of Civil Procedure, as amended,

27  Defendant denies generally each and every allegation contained in Plaintiff's unverified Complaint,

28  and further generally denies that Plaintiff has been damaged in the sum or sums prayed for, or in any

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

Defendant's General Denial and Affirmative Defenses

1    other sum or amount whatsoever, or at all, by reason of the matters therein referred to.

2    **AFFIRMATIVE DEFENSES**

3    Without waiving or excusing the burden of proof of Plaintiff, or admitting that

4    Defendant has any burden of proof or persuasion, and incorporating herein by reference each and

5    every allegation made in the General Denial, Defendant is informed and believes that a reasonable

6    opportunity for investigation and discovery will reveal facts in support of the following:

7    **FIRST AFFIRMATIVE DEFENSE**

8    1.    As a separate and distinct affirmative defense, Defendant alleges that the

9    Complaint and each cause of action set forth therein fail to state facts sufficient to constitute a cause

10    of action upon which relief can be granted.

11    **SECOND AFFIRMATIVE DEFENSE**

12    2.    As a separate and distinct affirmative defense, Defendant alleges that the

13    Complaint and each cause of action set forth therein are barred by the doctrine of unclean hands.

14    **THIRD AFFIRMATIVE DEFENSE**

15    3.    As a separate and distinct affirmative defense, Defendant alleges that the

16    Complaint and each cause of action set forth therein are barred by the doctrine of waiver.

17    **FOURTH AFFIRMATIVE DEFENSE**

18    4.    As a separate and distinct affirmative defense, Defendant alleges that the

19    Complaint and each cause of action set forth therein are barred by the doctrine of estoppel.

20    **FIFTH AFFIRMATIVE DEFENSE**

21    5.    As a separate and distinct affirmative defense, Defendant alleges that the

22    Complaint and each cause of action set forth therein are barred by the doctrine of laches.

23    **SIXTH AFFIRMATIVE DEFENSE**

24    6.    As a separate and distinct affirmative defense, Defendant alleges that the

25    Complaint and each cause of action set forth therein are barred by the doctrine of consent.

26    **SEVENTH AFFIRMATIVE DEFENSE**

27    7.    As a separate and distinct affirmative defense, Defendant alleges that to the

28    extent further investigation and discovery reveal any after-acquired evidence that bars any or certain

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2

Defendant's General Denial and Affirmative Defenses

remedies in this action, the Complaint and each cause of action set forth therein cannot be maintained against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      As a separate and distinct affirmative defense, Defendant alleges that Plaintiff failed to take a reasonable affirmative action to mitigate damages as they are alleged in the Complaint, and thus Plaintiff's recovery from Defendant, if any, must be denied or reduced to the extent that Plaintiff has failed to mitigate damages, including, but not limited to, Plaintiff's failure to make reasonable efforts to seek and retain subsequent employment substantially similar to Plaintiff's employment with Defendant after the conclusion of Plaintiff's employment with Defendant.

**NINTH AFFIRMATIVE DEFENSE**

9.      As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise be entitled must be denied or reduced by reason of Plaintiff's contributory or comparative negligence and/or intentional conduct, because Plaintiff failed to exercise reasonable and ordinary care, caution or prudence in order to avoid the alleged incidents, and the alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own negligence and/or intentional conduct.

**TENTH AFFIRMATIVE DEFENSE**

10.     As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, because the alleged damages or losses sustained by Plaintiff, if any, resulted from causes other than any act or omission on the part of Defendant, including, but not limited to, negligence and/or intentional conduct of third parties.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims for damages are barred, in whole or in part, by the doctrine of avoidable consequences.

**TWELFTH AFFIRMATIVE DEFENSE**

12.     As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

3

Defendant's General Denial and Affirmative Defenses

alleges, that Plaintiff's claims are barred by Plaintiff's own breach of the duties owed to Defendant under all applicable state and federal laws, including, but not limited to, California Labor Code sections 2854, 2856, 2858, and/or 2859.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because Plaintiff was not a qualified person with a disability as defined by relevant law, nor was Plaintiff regarded as a qualified person with a disability.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, no reasonable accommodation was available that would not have caused Defendant undue hardship.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, Plaintiff failed to engage in the interactive process in good faith.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff suffered no harm or other prejudice as a result of Defendant's alleged failure to initiate or properly conduct the interactive process because, at all material times, a reasonable accommodation of Plaintiff's alleged disability was not possible.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability that required accommodation, Plaintiff, even with reasonable accommodation, was unable to perform the essential duties of Plaintiff's positions and/or to perform these duties in a manner that would not endanger Plaintiff's health or safety or the health or safety of others.

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

4

Defendant's General Denial and Affirmative Defenses

1

### EIGHTEENTH AFFIRMATIVE DEFENSE

2        18.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

3  claim for failure to accommodate is barred because, to the extent that Plaintiff actually had a disability

4  that required accommodation, Defendant's decision(s) regarding the same were based upon a bona

5  fide occupational qualification.

6

### NINETEENTH AFFIRMATIVE DEFENSE

7        19.    As a separate and distinct affirmative defense, Defendant alleges that the

8  Complaint and each cause of action set forth therein are barred, in whole or in part, because, even if

9  any discriminatory, retaliatory or otherwise unlawful motive existed in connection with any actions

10  taken with respect to Plaintiff (which Defendant denies), Defendant would have engaged in the same

11  conduct absent any alleged discriminatory, retaliatory, or otherwise unlawful motive.

12

### TWENTIETH AFFIRMATIVE DEFENSE

13        20.    As a separate and distinct affirmative defense, Defendant alleges that any

14  employment practice maintained by Defendant, to the extent such practice may have impacted Plaintiff

15  with respect to any alleged protected status under the California Fair Employment and Housing Act,

16  is justified either as a bona fide occupational qualification, by business necessity (including undue

17  hardship), by job relatedness, by security regulations, by non-discrimination or affirmative action

18  plans and/or by requirement of law.

19

### TWENTY-FIRST AFFIRMATIVE DEFENSE

20        21.    As a separate and distinct affirmative defense, Defendant alleges, without

21  admitting that Defendant engaged in any of the acts or omissions alleged in the Complaint, that any

22  such acts or omissions purportedly taken by or on behalf of Defendant were taken in good faith as a

23  result of business necessity, for lawful, legitimate, non-discriminatory, and non-retaliatory reasons

24  without malice, oppression, or fraud, and/or based on the relevant facts and circumstances known to

25  Defendant at the time it acted.

26

### TWENTY-SECOND AFFIRMATIVE DEFENSE

27        22.    As a separate and distinct affirmative defense, Defendant alleges that the

28  Complaint and each cause of action set forth therein are barred, in whole or in part, because Defendant

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

5

Defendant's General Denial and Affirmative Defenses

1    acted reasonably in good faith, in conformity with, and in reliance on, written administrative

2    regulations, orders, rulings, guidelines, approvals, and/or interpretations of governmental agencies,

3    and on the basis of a good-faith and reasonable belief that it had complied fully with applicable law.

4                          **TWENTY-THIRD AFFIRMATIVE DEFENSE**

5              23.    As a separate and distinct affirmative defense, Defendant alleges that the

6    Complaint and each cause of action set forth therein cannot be maintained against Defendant because

7    Defendant's act(s) or omission(s) alleged in the Complaint were protected by the managerial privilege

8    as all action(s) taken with respect to Plaintiff's employment were undertaken and exercised with proper

9    managerial discretion in good faith, and for legitimate, lawful reasons.

10                         **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

11             24.    As a separate and distinct affirmative defense, Defendant alleges that any

12   unlawful or wrongful acts, if any, taken by Defendant's officers, directors, managing agents, and/or

13   employees were outside the course and scope of their employment and authority, and such acts, if any,

14   were not authorized, ratified, or condoned by Defendant, and Defendant did not know and/or should

15   not have known of such conduct.

16                          **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

17             25.    As a separate and distinct affirmative defense, Defendant alleges that the

18   Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust all

19   internal grievance and/or complaint procedures.

20                          **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

21             26.    As a separate and distinct affirmative defense, Defendant alleges that the

22   Complaint and each cause of action set forth therein are barred, in whole or in part, because at all

23   relevant times: (a) Defendant acted in good faith and exercised reasonable care to prevent and

24   promptly correct any discriminatory, retaliatory, or otherwise unlawful behavior (which Defendant

25   denies occurred), including, but not limited to, promulgating and maintaining anti-discrimination, anti-

26   retaliation and/or open-door policies with an internal grievance and/or complaint procedure, which

27   were communicated to Plaintiff; (b) Plaintiff unreasonably failed to take advantage of the established

28   internal grievance and/or complaint procedure(s) and any preventive or corrective opportunities

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

6

provided to Plaintiff by the employer or to otherwise avoid harm; and, (c) Plaintiff's reasonable use of Defendant's procedures as required by Defendant's employment policies would have prevented at least some, if not all, of the purported harm that Plaintiff allegedly suffered.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred by Plaintiff's failure to exhaust administrative remedies.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein are barred, in whole or in part, to the extent that they exceed the scope of the charges made by Plaintiff before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission, if any.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein cannot be maintained against Defendant because Plaintiff's claims are barred by the applicable statutes of limitations, including, but not limited to, those set forth in California Government Code sections 12960 and 12965 and California Code of Civil Procedure sections 335.1, 338(a) and 339(l).

### THIRTIETH AFFIRMATIVE DEFENSE

30.    As a separate and distinct affirmative defense, Defendant alleges that the Complaint and each cause of action set forth therein seeking recovery for the alleged physical, mental, and/or emotional distress injuries are preempted and barred by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code sections 3600 *et seq.*, and California Labor Code section 132(a) to the extent that: (a) an employee/employer relationship existed subject to workers' compensation coverage; (b) Defendant provided workers' compensation insurance at no cost to Plaintiff; (c) Plaintiff's conduct was within the course and scope of employment; and, (d) the alleged injuries, if any, were proximately caused by the employment, and accordingly, this Court lacks subject matter jurisdiction over said claims.

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

7

Defendant's General Denial and Affirmative Defenses

### THIRTY-FIRST AFFIRMATIVE DEFENSE

31.    Defendant alleges that some or all of Plaintiff's claims for damages are barred by the doctrine of set-off.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

32.    As a separate and distinct affirmative defense, Defendant alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset, denied, or reduced by any benefits, monies, and/or compensations that Plaintiff had received or will receive from any other sources, including but not limited to unemployment insurance, private insurance, pension benefits, workers' compensation, and any sums earned by Plaintiff in other employment.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

33.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has failed to state a claim upon which relief may be granted, which includes, *inter alia*, recovery of costs of suit and attorneys' fees, penalties, compensatory damages, punitive damages, and special and incidental damages.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

34.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive, exemplary, and/or emotional distress damages on the grounds that any award of punitive, exemplary, or emotional distress damages under California law in general, and/or as applied to the facts of this specific action, violates Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution, and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

35.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is precluded from recovering punitive damages from Defendant, because: (a) any action, conduct, statement or omission alleged in the Complaint were not taken with advance knowledge, conscious

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

8

Defendant's General Denial and Affirmative Defenses

1  disregard, authorization, or ratification of malice, oppression, or fraud on the part of Defendant or any

2  officer, director, or managing agent thereof; (b) Defendant's good faith efforts to prevent

3  discrimination, retaliation, and otherwise unlawful behavior bars any award of punitive damages; and,

4  (c) the Complaint and each cause of action set forth therein fail to plead facts sufficient to support the

5  recovery of punitive damages under the applicable provisions of California Civil Code section 3294,

6  or such other statutes of similar effect that may be applicable. (*See* CAL. CIV. CODE § 3294(b).)

7                    **RESERVATION OF ADDITIONAL DEFENSES**

8            Defendant alleges that because the Complaint is couched in conclusory terms, all

9  affirmative defenses that may be applicable cannot be fully anticipated.  Accordingly, the right to

10 assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable,

11 is reserved.  In addition, Defendant reserves the right to amend this answer should Defendant later

12 discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or

13 should a change in the law support the inclusion of new and/or additional affirmative defenses.

14                              **JURY DEMAND**

15           Defendant requests trial by jury on all causes of action triable to a jury.

16                                **PRAYER**

17           WHEREFORE, DEFENDANT PRAYS FOR JUDGMENT AS FOLLOWS:

18           1.       That Plaintiff takes nothing by the way of the Complaint;

19           2.       That judgment be awarded in favor of Defendant;

20           3.       That Plaintiff's Complaint be dismissed in its entirety as to Defendant;

21           4.       That Defendant be awarded all costs of suit incurred by it in this action;

22           5.       That Defendant be awarded its reasonable attorneys' fees; and,

23           6.       For such other and further relief as the Court may deem just and proper.

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704-2225
559.244.7500

9

Defendant's General Denial and Affirmative Defenses

1    Dated:  February 28, 2022

2                                                                LITTLER MENDELSON, P.C.

3

4                                                                _____
                                                                 JUDY M. IRIYE
5                                                                VANESSA M. COHN
                                                                 Attorneys for Defendant
6                                                                TARGET CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

10

Defendant's General Denial and Affirmative Defenses

1

## <u>PROOF OF SERVICE BY ELECTRONIC TRANSMISSION</u>

2

      I am employed in  County, California.  I am over the age of eighteen years and not a

3

party to the within-entitled action.  My business address is 5200 North Palm Avenue, Suite 302,

4

Fresno, California  93704.2225.  On this 28th day of February, 2022, I served a copy of the within

5

document(s):

6

      **DEFENDANT    TARGET    CORPORATION'S    GENERAL DENIAL AND AFFIRMATIVE DEFENSES**

7

8

Based on a court order or an agreement of the parties to accept service by e-mail or electronic

transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached

9

service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after

10

the transmission, any electronic message or other indication that the transmission was unsuccessful.

11

The electronic notification address of the person making the service is cmanning@littler.com:

12

13

    Michael A. Gould (SBN 151851)

14

    Michael@wageandhourlaw.com
    Aarin A. Zeif (SBN 247088)

15

    Aarin@wageandhourlaw.com
    THE GOULD LAW FIRM

16

    A Professional Corporation
    161 Fashion Lane, Suite 207

17

    Tustin, California 92780
    Telephone: (714) 669-2850

18

    Facsimile: (714) 544-0800

19

 I declare under penalty of perjury under the laws of the State of California that the above is true and

20

correct.

21

      Executed on this 28th day of February, 2022, at Fresno, California.

22

23

          */s/ Camile Manning*

24

          Camile Manning

25

4881-0207-7712.1 / 052067-1705

26

27

28

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

11

Defendant's General Denial and Affirmative Defenses

**Exhibit C**

CM-010

| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):* | **FOR COURT USE ONLY** |
|---|---|

Aarin A. Zeif (SBN 247088) and Michael A. Gould (SBN 151851)
The Gould Law Firm
161 Fashion Ln., Suite 207
Tustin, Ca 92780

TELEPHONE NO.: 714-669-2850    FAX NO.: 714-544-0800
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, Ca 92415
BRANCH NAME: Civil Division

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

DEC 14 2021

BY _____
KALISKA MONTICUE, DEPUTY

CASE NAME:
Ramirez v. Target Corporation

CASE NUMBER: CIVSB 2134463

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | JUDGE: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) / [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 6, 2021

Aarin A. Zeif
(TYPE OR PRINT NAME)                    ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

Gary Ramirez

Case No.: CIV SB 2 1 3 4 4 6 3

vs.

**CERTIFICATE OF ASSIGNMENT**

Target Corporation

---

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground
is the residence of a party, name and residence shall be stated.

---

The undersigned declares that the above-entitled matter is filed for proceedings in the
Civil _____ District of the Superior Court under Rule131 and General Order
of this court for the checked reason:

- [x] **General**
- [ ] **Collection**

| | **Nature of Action** | **Ground** |
|---|---|---|
| [ ] | 1. Adoption | Petitioner resides within the district |
| [ ] | 2. Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3. Contract | Performance in the district is expressly provided for. |
| [ ] | 4. Equity | The cause of action arose within the district. |
| [ ] | 5. Eminent Domain | The property is located within the district. |
| [ ] | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9. Mandate | The defendant functions wholly within the district. |
| [ ] | 10. Name Change | The petitioner resides within the district. |
| [ ] | 11. Personal Injury | The injury occurred within the district. |
| [ ] | 12. Personal Property | The property is located within the district. |
| [ ] | 13. Probate | Decedent resided or resides within or had property within the district. |
| [ ] | 14. Prohibition | The defendant functions wholly within the district. |
| [ ] | 15. Review | The defendant functions wholly within the district. |
| [ ] | 16. Title to Real Property | The property is located within the district. |
| [ ] | 17. Transferred Action | The lower court is located within the district. |
| [ ] | 18. Unlawful Detainer | The property is located within the district. |
| [ ] | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [ ] | 20. Other _____ | _____ |
| [x] | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this
case for filing in the above-designed district is:

Target Corporation
**NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR**

14750 Miller Avenue
**ADDRESS**

Fontana
**CITY**

California
**STATE**

92336
**ZIP CODE**

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was
executed on December 6, 2021 _____ at Tustin _____,
California.

_____
Signature of Attorney/Party

CERTIFICATE OF ASSIGNMENT

Rev. June 2019

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name):
FAX NO. (Optional):

TRIAL SETTING CONFERENCE DATE: _____
UNLIMITED CASE: _____
LIMITED CASE: _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.  This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐   No ☐   Date discovery anticipated to be completed: _____

7. Do you agree to mediation?  Yes ☐   No ☐   Please check type agreed to:  Private: _____   Court-sponsored: _____

8. **Related cases, consolidation, and coordination**:  Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues**:
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer**:
   ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

   ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

   I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
   Date: _____

_____          _____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY)


_____          _____
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PARTY OR ATTORNEY)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

CM-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>⎯ Aarin A. Zeif (SBN 247088) and Michael A. Gould (SBN 151851)<br>The Gould Law Firm<br>161 Fashion Ln., Suite 207<br>Tustin, Ca 92780<br>TELEPHONE NO.: 714-669-2850      FAX NO.: 714-544-0800<br>ATTORNEY FOR *(Name):* Plaintiff | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Bernardino
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino, Ca 92415
BRANCH NAME: Civil Division

CASE NAME:
Ramirez v. Target Corporation

| **CIVIL CASE COVER SHEET**<br>☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | **Complex Case Designation**<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>CIVSB 2134463<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 5
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 6, 2021

Aarin A. Zeif
_____
(TYPE OR PRINT NAME)    ▶    _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) (*if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto*)

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability (*not asbestos or
toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) (*not civil
harassment*) (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
(*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract (*not unlawful detainer
or wrongful eviction*)
Contract/Warranty Breach–Seller
Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage (*not provisionally
complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent
domain, landlord/tenant, or
foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
(*arising from provisionally complex
case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment (*non-
domestic relations*)
Sister State Judgment
Administrative Agency Award
(*not unpaid taxes*)
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-
harassment*)
Mechanics Lien
Other Commercial Complaint
Case (*non-tort/non-complex*)
Other Civil Complaint
(*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition (*not specified
above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
TARGET CORPORATION, and DOES 1 through 25,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GARY RAMIREZ, an individual,

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JAN 2 8 2022

BY _____
KALISKA MONTICUE, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Bernardino Superior Court
247 West Third Street
San Bernardino, Ca 92415

CASE NUMBER:
*(Número del Caso):* CIVSB 2134403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
The Gould Law Firm, 161 Fashion Ln., Suite 207, Tustin, Ca 92780; 714-669-2850; 714-544-0800

DATE: JAN 2 8 2022
*(Fecha)*

Clerk, by _____ , Deputy
*(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)        [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)   [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| RAMIREZ -v- TARGET CORPORATION et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2134463 |

The Gould Law Firm
161 Fashion Lane
Ste#207
TUSTIN CA 92780

This case has been assigned to: John M Pacheco in Department S31 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 07/27/2022 at 8:30 AM in Department S31 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown. (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice. Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 1/28/2022

Nancy CS Eberhardt, Court Executive Officer

By: _____
Kaliska Monticue, Deputy Clerk

------------------------------------------------------------------------------------------
------------------------------------------------------------------------------------------

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 1/28/2022

I declare under penalty of perjury that the forgoing is true and correct. Executed on 1/28/2022 at San Bernardino, CA.

By: _____
Kaliska Monticue, Deputy Clerk

**Exhibit D**

1  JUDY M. IRIYE, Bar No. 211360
   LITTLER MENDELSON, P.C.
2  2049 Century Park East, 5th Floor
   Los Angeles, California  90067
3  Telephone:     310.553.0308
   Facsimile.:     310.553.5583
4  *jiriye@littler.com*

5  VANESSA M. COHN, Bar No. 314619
   LITTLER MENDELSON, P.C.
6  5200 N. Palm Ave., Ste. 302
   Fresno, California  93704
7  Telephone:     559.244.7500
   Facsimile:      559.244.7525
8  *vcohn@littler.com*

9  Attorneys for Defendant
   TARGET CORPORATION

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                           COUNTY OF SAN BERNARDINO

12

13  | GARY RAMIREZ, an individual, | Case No.  CIV SB 2119309 |
14  | | |
    | Plaintiff, | **DEFENDANT TARGET** |
15  | | **CORPORATION'S NOTICE TO** |
    | v. | **PLAINTIFF OF REMOVAL OF CIVIL** |
16  | | **ACTION TO FEDERAL COURT** |
    | TARGET CORPORATION; and DOES 1 | |
17  | through 25, | ASSIGNED FOR ALL PURPOSES TO |
    | | JUDGE JOHN PACHECO – DEPT. S31 |
18  | Defendants. | |
    | | Trial Date: TBD |
19  | | Complaint Filed: December 14, 2021 |

20              TO PLAINTIFF AND TO PLAINTIFF'S COUNSEL OF RECORD:

21              PLEASE   TAKE   NOTICE   that   on   March   1,   2022,   Defendant   TARGET

22  CORPORATION ("DEFENDANT" or "TARGET") filed a Notice of Removal pursuant to 28 U.S.C.

23  §§ 1332, 1441, and 1446, in the United States District Court for the Central District of California. A

24  true and correct copy of Defendant's Notice of Removal is attached hereto as Exhibit 1.

25  / / /

26  / / /

27  / / /

28  / / /

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

Defendant Target Corporation's Notice to Plaintiff of Removal of Civil Action to Federal Court

1   Dated: March 1, 2022

2

3

4

5

6   4861-2249-7296.1 / 052067-1705

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON, P.C.

JUDY M. IRIYE
VANESSA M. COHN
Attorneys for Defendant
TARGET CORPORATION

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

2

Defendant Target Corporation's Notice to Plaintiff of Removal of Civil Action to Federal Court

# EXHIBITS HERETO EXCERPTED TO AVOID FILING OF DUPLICATIVE PAPERS

1

## <u>PROOF OF SERVICE BY ELECTRONIC TRANSMISSION</u>

2

I am employed in  County, California.  I am over the age of eighteen years and not a

3

party to the within-entitled action.  My business address is 5200 North Palm Avenue, Suite 302,

4

Fresno, California  93704.2225.  On this 1st day of March, 2022, I served a copy of the within

5

document(s):

6

**DEFENDANT TARGET CORPORATION'S NOTICE TO PLAINTIFF OF
REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

7

8

9

Based on a court order or an agreement of the parties to accept service by e-mail or electronic

10

transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached

11

service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after

12

the transmission, any electronic message or other indication that the transmission was unsuccessful.

13

The electronic notification address of the person making the service is cmanning@littler.com:

14

15

Michael A. Gould (SBN 151851)
Michael@wageandhourlaw.com
Aarin A. Zeif (SBN 247088)

16

Aarin@wageandhourlaw.com
THE GOULD LAW FIRM

17

A Professional Corporation
161 Fashion Lane, Suite 207

18

Tustin, California 92780
Telephone: (714) 669-2850

19

Facsimile: (714) 544-0800

20

I declare under penalty of perjury under the laws of the State of California that the above is true and

21

correct.

22

Executed on this 1st day of March, 2022, at Fresno, California.

23

24

25

*/s/ Camile Manning*
Camile Manning

26

27

28

4869-3771-5472.1 / 052067-1705

X

**Exhibit E**

1  JUDY M. IRIYE, Bar No. 211360
   LITTLER MENDELSON, P.C.
2  2049 Century Park East, 5th Floor
   Los Angeles, California  90067
3  Telephone:   310.553.0308
   Facsimile.:   310.553.5583
4  *jiriye@littler.com*

5  VANESSA M. COHN, Bar No. 314619
   LITTLER MENDELSON, P.C.
6  5200 N. Palm Ave., Ste. 302
   Fresno, California  93704
7  Telephone:   559.244.7500
   Facsimile:   559.244.7525
8  *vcohn@littler.com*

9
   Attorneys for Defendant
10 TARGET CORPORATION

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  COUNTY OF SAN BERNARDINO

13

14 GARY RAMIREZ, an individual,            Case No.  CIV SB 2134463

15            Plaintiff,                    **DEFENDANT TARGET
                                           CORPORATION'S NOTICE TO STATE
16     v.                                  COURT OF REMOVAL OF CIVIL
                                           ACTION TO FEDERAL COURT**
17 TARGET CORPORATION; and DOES 1
   through 25,                             ASSIGNED FOR ALL PURPOSES TO
18                                         JUDGE JOHN PACHECO – DEPT. S31
            Defendants.
19                                         Trial Date: TBD
                                           Complaint Filed:   December 14, 2021
20

21          TO THE CLERK OF THE ABOVE-TITLED COURT:

22          PLEASE TAKE NOTICE that on March 1, 2022, the above-captioned matter was

23 removed from the Superior Court of the State of California, County of San Bernardino, where it was

24 previously pending, to the United States District Court for the Central District of California, pursuant

25 to 28 U.S.C. §§ 1332, 1441, and 1446.  A copy of the Notice of Removal filed by Defendant TARGET

26 CORPORATION is attached hereto as Exhibit 1.[1]

27 / / /

28
   _____
   [1] So as to avoid duplicative filing, the attachments to Exhibits D and E thereto are excerpted.

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704-2225
559.244.7500

Defendant Target Corporation's Notice to State Court of Removal of Civil Action to Federal Court

1    PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. § 1446(d), the filing

2 of a Notice of Removal in the United States District Court, together with the filing of a copy of a

3 Notice of Filing Notice of Removal with this Court, effects the removal of this action, and this Court

4 may proceed no further unless and until the case is remanded.

5 Dated: March 1, 2022        LITTLER MENDELSON, P.C.

6

7

8              JUDY M. IRIYE
               VANESSA M. COHN
9              Attorneys for Defendant
               TARGET CORPORATION

10 4884-8808-4752.1 / 052067-1705

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

2

Defendant Target Corporation's Notice to State Court of Removal of Civil Action to Federal Court

# EXHIBITS HERETO EXCERPTED TO AVOID FILING OF DUPLICATIVE PAPERS

1

## PROOF OF SERVICE BY ELECTRONIC TRANSMISSION

2

   I am employed in  County, California.  I am over the age of eighteen years and not a

3

party to the within-entitled action.  My business address is 5200 North Palm Avenue, Suite 302,

4

Fresno, California  93704.2225.  On this 1st day of March, 2022, I served a copy of the within

5

document(s):

6

   **DEFENDANT TARGET CORPORATION'S NOTICE TO STATE**

7

   **COURT OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

8

9

Based on a court order or an agreement of the parties to accept service by e-mail or electronic

10

transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached

11

service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after

12

the transmission, any electronic message or other indication that the transmission was unsuccessful.

13

The electronic notification address of the person making the service is cmanning@littler.com:

14

  Michael A. Gould (SBN 151851)

15

  Michael@wageandhourlaw.com
  Aarin A. Zeif (SBN 247088)

16

  Aarin@wageandhourlaw.com
  THE GOULD LAW FIRM

17

  A Professional Corporation
  161 Fashion Lane, Suite 207

18

  Tustin, California 92780
  Telephone: (714) 669-2850

19

  Facsimile: (714) 544-0800

20

 I declare under penalty of perjury under the laws of the State of California that the above is true and

21

correct.

22

   Executed on this 1st day of March, 2022, at Fresno, California.

23

24

25

     */s/ Camile Manning*
     Camile Manning

26

27

28

LITTLER MENDELSON, P.C.
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

4869-3771-5472.1 / 052067-1705

X